UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BRYAN ORTIZ-CANALES,<br>Petitioner,<br>v.<br>TODD BLANCHE et al.,<br>Respondents. | CASE NO. 2:26-cv-02748-DGE<br><br>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS (DKT. NO. 1) |

Before the Court is Petitioner Bryan Ortiz-Canales's petition for writ of habeas corpus. (Dkt. No. 1.) Petitioner contends Respondents violated his due process rights by re-detaining him at a routine check-in without prior notice and an opportunity to be heard. (*Id.* at 10.) Respondents argue Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b). (Dkt. No. 4 at 4.) The Court agrees with Petitioner that controlling Circuit law and rulings by this Court lead to only one conclusion: Petitioner is not subject to mandatory detention under 8 U.S.C. § 1225(b), and Respondents violated his due process rights when they re-detained Petitioner without a pre-deprivation hearing.

On September 22, 2022, Petitioner, a native and citizen of Peru, entered the United States without inspection, admission, or parole. (Dkt. No. 6 at 2.) He was apprehended by a United States Customs and Border Protection ("USCBP") agent and transported to a processing center, where he was served with a Notice to Appear charging him as removeable pursuant to 8 U.S.C. § 1182 (a)(6)(A)(i) as a noncitizen "present in the United States who has not been admitted or paroled."[1,2] (Dkt. Nos. 5-1 at 3–4; 5-2 at 2; 5-4 at 2; 6 at 2.) On September 24, 2022, USCBP served Petitioner with a notice of custody determination. (Dkt. No. 6 at 2.) He was then released from immigration custody on an Order of Recognizance ("OREC") in accordance with "section 236 of the [INA]." (Dkt. Nos. 5-3 at 2–4; 6 at 2.) As part of his release, Petitioner was enrolled in the Alternatives to Detention ("ATD") program, and was subject to reporting conditions. (Dkt. Nos. 5-3 at 2–4; 5-8 at 2; 6 at 2.) Consistent with his OREC requirements, Petitioner complied with his in-person Immigration and Customs Enforcement ("ICE") check-ins for several years. (Dkt. Nos. 5-3 at 3; 6 at 3.) Respondents provided proof of Petitioner's I-220A Reporting sheet, which shows the dates he reported, the various officers who signed off on the check-ins, and Petitioner's next report dates. (*See* Dkt. No. 5-3 at 3.)

On February 29, 2024, Petitioner pleaded guilty to fourth-degree assault—domestic violence and sentenced to a suspended sentence. (Dkt. No. 6 at 2.) On May 13, 2024, Petitioner filed an asylum application with the Seattle Immigration Court, which remains pending. (Dkt.

---

[1] Respondents provide a copy of an I-213 Form, which states that an individual named "Giancarlos Eduardo Villa-Guerra" was arrested and transported to a processing center. (*See* Dkt. No. 5-1 at 3.) The Court is unsure who Mr. Villa-Guerra is and why his name is being used in Petitioner's immigration form.

[2] The Notice to Appear identifies Immigration and Nationality Act ("INA") § 212(a)(6)(A)(i), which is codified at 8 U.S.C. § 1182(a)(6)(A)(i).

Nos. 5-5 at 4; 6 at 3.) On July 15, 2024 and July 15, 2025, Petitioner appeared at a routine check-in without issue. (Dkt. No. 5-3 at 3.)

On July 15, 2026, Petitioner reported to the Seattle ICE field office per his OREC requirements. (Dkt. Nos. 5-5 at 3; 6 at 2.) Enforcement and Removal Operations Deportation Officer Ian Bloom attested that "[d]uring routine system checks," agents discovered Petitioner's 2024 misdemeanor conviction, "conducted a custody redetermination[,] and brought Petitioner back into custody due to violations of his release under OREC." (Dkt. No. 6 at 3; *see also* Dkt. Nos. 5-5 at 3; 5-6 at 2.) ICE officers executed Petitioner's arrest warrant[3] and subsequently transported him to the Northwest ICE Processing Center, where he remains today. (Dkt. Nos. 5-6 at 2; 6 at 2.) The arrest warrant identifies Petitioner is in removal proceedings and that he is not authorized to be in the United States; it makes no mention of his misdemeanor conviction. (Dkt. No. 5-6.) Petitioner's OREC was cancelled on the same day. (Dkt. No. 6 at 3.) It is undisputed that ICE did not provide Petitioner advance notice or a pre-deprivation hearing prior to detaining Petitioner. (*See generally* Dkt. Nos. 1, 4.)

These facts establish Petitioner is not subject to 8 U.S.C. § 1225(b) and that his detention is governed by § 1226(a). *See Bian v. Hernandez*, Case No. 2:26-cv-02180-DGE, 2026 WL 2070090 (July, 17, 2026); *Yu v. Hernandez*, Case No. 2:26-cv-01372-DGE, 2026 WL 1560581 (W.D. Wash. May 22, 2026); *Rana v. Bondi*, Case No. 2:26-cv-00268, 2026 WL 445049 (W.D. Wash. Feb. 17, 2026); *Singh v. Noem*, Case No. 2:26-cv-00079-DGE, 2026 WL 265670 (W.D. Wash. Feb. 2, 2026); *Quitio v. Warden, No[r]thwest ICE Processing Center*, Case No. C26-2118-KKE, 2026 WL 2168608 (July 28, 2026); *Bello Chacon v. Hermosillo*, Case No. 2:25-cv

[3] The arrest warrant was authorized pursuant to "sections 236 and 287 of the Immigration and Nationality Act and part 287 of title 8, Code of Federal Regulations." (Dkt. No. 5-6 at 2.)

2299-TMC, 2025 WL 3562666, at *4 (W.D. Wash. Dec. 12, 2025); *E.A. T.-B v. Wamsley*, 795 F. Supp. 3d 1316, 1322–1323 (W.D. Wash. 2025). [4,5]

These facts also establish Petitioner's detention on July 15, 2026 without pre-deprivation notice or hearing before a neutral decisionmaker violated due process under *Mathews v. Eldridge*, 424 U.S. 319 (1976). Here, after having been previously released on an OREC, Petitioner maintained a private interest in freedom from imprisonment. Respondents contend that Petitioner's re-detention "is the product of his arrest." (Dkt. No. 4 at 7.) However, Petitioner's I-213 form acknowledges he pleaded guilty to the misdemeanor charge and was released back into the community, having completed a suspended sentence. (Dkt. No. 5-5 at 3.) Furthermore, Petitioner reported in person to ICE as part of his OREC requirements after his conviction on July 15, 2024 and July 15, 2025; however, immigration officials did not arrest Petitioner at that time. (Dkt. No. 6 at 3.) Petitioner has had no opportunity to be heard—either before or after his re-detention—on the revocation of his OREC. This poses a risk of erroneous

---

[4] Respondents argues that the Ninth Circuit's decision in *Rodriguez Vazquez v. Bostock*, --- F.4th ---, No. 25-6842, 2026 WL 2196424 (9th Cir. July 30, 2026) supports their argument because the court held that "8 U.S.C. § 1225(b)(2)(A) is best construed as applying to aliens entering the United States at the border, while 8 U.S.C. § 1226 governs inadmissible and deportable aliens already present in the interior who are first apprehended inland." (Dkt. No. 4 at 4–5) (citing *Rodriguez Vazquez*, 2026 WL 2196424, at *10). Respondents insist on turning *Rodriguez Vazquez* on its head, and furthermore provide no argument addressing Petitioner's release on an OREC under 8 U.S.C. § 1226. *See also Lopez v. Hernandez*, Case No. 2:26-cv-02559-KKE, 2026 WL 2349843, at *2 (W.D. Wash. Aug. 13, 2026) ("Many courts, including the Ninth Circuit, have rejected the application of Section 1225(b)(2)(A) to noncitizens such as Petitioner, who was previously released on supervision and has been living in this country since 2022.).

[5] Respondents further argue that Petitioner was required to request a bond redetermination hearing if he is detained pursuant to 8 U.S.C. § 1226. (Dkt. No. 4 at 5.) Respondents' cited cases are inapposite. In *Kim v. Mullin*, Case No. 2:26-cv-00805-SKV, 2026 WL 948347, at *2 (W.D. Wash. Apr. 8, 2026) and *Coke v. Scott*, No. 2:25-cv-00694-RSM-BAT, 2025 WL 2108711, at *4 (W.D. Wash. June 18, 2025), *report and recommendation adopted,* No. 2:25-cv-00694-RSM-BAT, 2025 WL 2107736 (W.D. Wash. July 28, 2025), Respondents conceded the petitioners were subject to 8 U.S.C. § 1226. Here, Respondents contend Petitioner is subject to 8 U.S.C. § 1225 and thus not even *entitled* to a bond hearing.

deprivation. Finally, there were no exigent circumstances supporting Petitioner's immediate detention. Any additional administrative burden in providing pre-deprivation notice and a hearing before a neutral decision maker is outweighed by constitutionally required due process. In accordance with decisions issued by this Court in similar cases, the Court concludes Petitioner's detention violated due process.[6] *See Bian, Yu, Rana, Singh*.

Based on the foregoing, the Court GRANTS Petitioner's petition for writ of habeas corpus (Dkt. No. 1), and further ORDERS:

1. Respondents and all their officers, agents, attorneys, and persons acting on their behalf or in concert with them SHALL release Petitioner from custody within **ONE (1) DAY** of this Order. Petitioner shall be returned to the conditions of release identified in his September 2022 OREC.
2. Petitioner SHALL NOT be re-detained, absent urgent circumstances or a clear legal basis for detention, without first providing pre-deprivation notice and an opportunity to be heard in front of an immigration judge.[7]
3. Within **TWENTY-FOUR (24) HOURS** of this Order, Respondents SHALL provide the Court with a declaration confirming Petitioner has been released from custody.

---

[6] As a last-ditch effort, Respondents argue the appropriate remedy here is not an order of release, but a *post*-deprivation hearing. (Dkt. No. 4 at 8) (citing *Quinonez Torres v. Hermosillo*, No. 2:26-cv-00076-TLF, 2026 WL 547591 at *8-*9 (W.D. Wash. Feb. 23, 2026)). In *Quinonez Torres*, the court ordered a post-deprivation hearing, concluding the "petitioner's arrest and pending charges for a crime involving assault and battery constitutes a change in material circumstances from the circumstances of petitioner's initial release and termination of his original removal proceedings and, given the nature of the crime, could reasonably be seen as presenting an urgency requiring arrest and detention before a hearing." 2026 WL 547591, at *9. Here, Respondents have provided no argument that a pre-deprivation hearing would have motivated Petitioner's flight. Nor do the facts support such a finding.

[7] In the event Petitioner is re-detained after his release pursuant to this Order, any claim by Petitioner that he has been unlawfully re-detained in violation of this Order shall be presented as a *new* habeas petition.

4. Petitioner seeks an award of fees. (Dkt. No. 1 at 11.) Petitioner is GRANTED leave to file a motion for attorney fees. The motion for fees shall identify the legal authority supporting an award of fees and shall be filed **no later than November 31, 2026.** [8] The Parties are strongly encouraged to meet and confer regarding fees before Petitioner files a motion for attorney fees.

The Clerk is directed to calendar this event, close the matter, and send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 31st day of August, 2026.

David G. Estudillo
United States District Judge

[8] In a previous matter, Respondents have requested, and the Court granted, a motion to stay the enforcement of any award of attorney fees pending the Supreme Court's decision in *Palacios v. Liggins*, No. 25-1223. *See Douangdala v. Bondi*, 2:26-cv-00963-DGE, 2026 WL 2516555 (W.D. Wash. Aug. 26, 2026).